CHEW et al. v. DE WARE et al. (No. 1903.)

(Court of Civil Appeals of Texas. Texarkana. April 12, 1918. Rehearing Denied May 2, 1918.)

1. BOUNDARIES ⊛⟿3(6)—CORNERS.
    An established original corner must control.

2. BOUNDARIES ⊛⟿3(6) — SURVEYOR'S FOOTSTEPS.
    The identification on the ground of the footsteps of the surveyor determines the true boundary.

3. WATERS AND WATER COURSES ⊛⟿111 — LAKES—MEANDER LINES.
    Where original boundary followed lake meander line and waters receded imperceptibly, the water's edge was the boundary.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by J. M. De Ware and others against W. D. Chew and others. Judgment on verdict for plaintiffs, and defendants appeal. Affirmed.

The republic of Texas issued a patent on January 25, 1842, to Robert Potter for 22 labors of land situated in what is now Marion county on Ferry or Caddo Lake. The west boundary line of the survey calls for the lake. Since the time of the location of the survey, there has been, it appears, recession

of waters of the lake. And, upon the contention that there is vacant public school land or domain between the west boundary line of the Robert Potter survey and the water's edge of the lake, the state of Texas issued to W. D. Chew two patents; one patent of June, 1910, calling for 344 acres; and one patent of November, 1913, calling for 178 acres.

The appellees, owners under the Robert Potter survey, brought the suit in trespass to try title against the appellants, claiming under the W. D. Chew patents. It was agreed in writing between the parties that the appellees owned and had the record title to all land claimed by them to all of sections 12, 13, and 24 of and under the Potter survey, except so much thereof as may extend beyond the west boundary line of the Potter survey. And the controlling issue in the case, as made in the trial, is the location of the west boundary line of the Robert Potter survey. If the present water's edge of the lake is the west boundary line of the Robert Potter survey, then the appellees are entitled to judgment for the land sued for.

The case was tried on special issues. The jury made findings of fact that: (1) The surveyor who originally located and surveyed the Robert Potter survey actually located and marked on the ground the northwest corner of the survey at a post oak marked R. P. near the water's edge of Ferry or Caddo Lake; and (2) intended at the time of the original survey to make the meanders and water's edge of the lake the west boundary line of the survey; and (3) the west boundary line was surveyed and established, but unmarked, on the ground by the original surveyor. The jury made the further findings that: (1) The waters of the Ferry or Caddo Lake since the location of the Robert Potter survey slowly and gradually receded for about two years; (2) that the northwest corner of the Robert Potter survey was ten yards nearer the water's edge of the lake at the time of the original location than at the present time; (3) that the waters of the lake were eight feet higher at the time of the location of the survey than since the recession

and at the present time; and (4) that where the waters of the lake bordered the Robert Potter survey the recession of the waters was so slow and gradual as to be imperceptible at the time to the eye.

On the verdict of the jury the court entered judgment for the plaintiffs. The findings of fact made by the jury, having support in the evidence, are here adopted.

Schluter & Singleton, of Jefferson, for appellants.

T. D. Rowell, of Jefferson, T. W. Davidson, of Marshall, and W. L. Grogan, of Shreveport, La., for appellees.

LEVY, J. (after stating the facts as above). [1-3] The original locating surveyor of the Robert Potter survey, as found by the jury, actually established on the ground and marked for identification the northwest corner of the survey at a post oak tree marked "R. P." near the water's edge of Ferry or Caddo Lake. An established original corner must govern and control. Accordingly, the other calls in the patent for the west line will be followed from the established northwest corner. These calls are for the meanders of the lake, and, as found by the jury, the original locating surveyor of the Robert Potter survey intended to make the water's edge and the meanders of Ferry or Caddo Lake the west boundary line of the survey. The identification on the ground of the footsteps of the surveyor determines the true boundary. Hughes v. State, 57 Tex. Civ. App. 306, 123 S. W. 177. Therefore the west boundary line of the Robert Potter survey will in this case follow the meanders of the lake; for, as found by the jury, the receding of the waters of the lake on the west boundary line of the survey was slow and gradual, and where the change is gradual and imperceptible the boundaries extend to the waters. 5 Cyc. 904; Tiedeman on Real Property, § 489; 1 R. C. L. p. 230.

We have carefully examined all the assignments in the case, and conclude that no error exists that warrants a reversal of the judgment.

Affirmed.