ALBRIGHT et al. v. COLLINS et al.

No. 4352.

Court of Civil Appeals of Texas. Texarkana.

Oct. 11, 1933.

Rehearing Denied Nov. 2, 1933.

Franklin Jones. Hobart Key, and Barrett Gibson, all of Marshall, for appellants.

Saye, Smead & Saye, of Longview, for appellee Midland Oil Co.

James W. Finley, Hayes McCoy, and H. J. Patterson, all of Bartlesville, Okl., and Phillips, Trammell, Chizum, Price & Estes and Cecil N. Cook, all of Fort Worth, for appellee Empire Gas & Fuel Co.

Edward R. Hudson, of Fort Worth, for appellees Minerals, Inc., Quapaw Trading Co., Inc., and B. D. Moore.

Andrews, Streetman, Logue & Mobley and E. J. Fountain, Jr., all of Houston, for appellees R. A. Welch, W. L. Goldston, D. R. Bullard, and Fidelity Oil & Royalty Co.

W. H. Sanford, T. B. Stinchcomb, and T. E. Lacy, all of Longview, Sam. A. Hall, of Marshall, for appellees J. W. and Nellie Akin.

Thompson, Knight, Baker & Harris, of Dallas, for appellee Simms Oil Co.

Turner, Rodgers & Winn, of Dallas, for appellee Stanolind Oil & Gas Co.

S. R. Aldredge and Hart Willis, both of Dallas, for appellees Peachblossom Oil Co. and W. L. Wollett.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellees W. E. Collins and Prairie Oil & Gas Co.

Bramlette & Meredith, of Longview, for appellees J. K. Wadley, J. P. Evans, and E. G. Palmer.

Ramey, Calhoun & Marsh, of Tyler, for appellee Boren & Grelling.

W. C. Hurst and Jas. T. Casey, both of Longview, for appellee W. C. Hurst.

J. W. Timmins, of Dallas, for appellee Sun Pipe Line Co.

B. C. Clark, of Houston, for appellee Gulf Pipe Line Co.

Thompson, Mitchell, Thompson & Young and P. G. McElwee, all of St. Louis, Mo., for appellee Shell Petroleum Corporation.

SELLERS, Justice.

Mrs. Annie Albright and the other appellants brought this suit in the district court of Harrison county on June 15, 1931, in trespass to try title to recover 437½ acres of land, a part of the W. H. Castleberry Survey located in Gregg County, Texas; and by subsequent counts in the petition sought in equity to set aside and have declared as void two judgments and a sale of the land under execution under one of the judgments as a cloud upon their title. The suit is against W. E. Collins, W. C. Hurst, J. W. Akin and a great number of other appellees claiming under the appellees above named. On plea of privilege

S. W. Marshall, of Dallas, and S. P. Jones,

the suit was later transferred to the 71st District Court of Gregg County, Texas.

The appellees' answer contained a plea of not guilty, general denial, limitation of five years, bona fide purchaser, estoppel, and the four years' statute of limitation against the equitable action to set aside the judgments and the execution sale thereunder.

The facts necessary to a thorough understanding of the issues involved may be stated as follows: Mrs. Annie Albright purchased an automobile from the Sanders-Overland Motor Company of Longview, Tex., and gave as part payment a note and chattel mortgage on the car. The Sanders-Overland Motor Company brought suit in the district court of Harrison county against Mrs. Albright for its debt as evidenced by the note and for foreclosure of its chattel mortgage on the car, and the following judgment was entered in this suit, to wit:

"On this the 11th day of December, 1920, the above cause coming on to be heard, the plaintiff, The Sanders-Overland Motor Company, a Corporation existing under the laws of the State of Texas, appeared by its attorney and announced ready for trial. The defendant, Mrs. Annie Albright, though duly summoned by service of personal citation more than ten days before the 1st day of this term of Court came not, but wholly made default. Whereupon, a Jury having not been demanded, the court proceeded to hear and to determine this cause as to matters of fact as well as to matters of law and after having the pleading and evidence the Court doth find in favor of the plaintiff and against the defendant.

"It is, therefore, ordered, adjudged and decreed that the plaintiff, The Sanders-Overland Motor Company, a Corporation, do have and recover of the defendant, Mrs. Annie Albright, the sum of '$1,564.00, said sum to bear interest from this date at the rate of 10% per annum as specified in the instrument of writing sued upon in this cause.

"It further appearing to the Court that the plaintiff's debt is secured by a chattel mortgage on one six-cylinder seven-passenger Hudson automobile, the motor number of which is No. 84820, it is ordered that the plaintiff's lien on said property, as it existed on August 2nd, 1920, be foreclosed and that an order of sale issue to the Sheriff or any Constable of Harrison County, Texas., directing him to seize and sell the said automobile as under execution in satisfaction of this judgment; and if said automobile cannot be found, or if the proceeds of such sale be insufficient to satisfy this judgment, then to make the money or balance thereof remaining unpaid out of any other property of the defendant as in case of ordinary executions.

"It is further ordered that the plaintiff recover of the defendant all cost in this behalf incurred."

In compliance with the judgment the clerk on February 5, 1921, issued the following order of sale to Harrison county:

"The State of Texas

"To the Sheriff or any Constable of Harrison County—Greeting:

"Whereas, on the 11th day of December, A. D. 1920, The Sanders-Overland Motor Company, a corporation existing under the laws of Texas, recovered in the District Court of the 71st Judicial District sitting in and for Harrison County, Texas, a judgment against Mrs. Annie Albright for the sum of One Thousand, Five Hundred, Sixty-four and No/100 Dollars, with interest thereon from the 11th day of December; A. D. 1920, at the rate of ten per cent per annum, and costs of suit; and whereas, the said judgment is a foreclosure of a chattel mortgage lien on the following described property, to-wit: One six cylinder seven passenger Hudson automobile, the motor number of which is No. 84820 which said automobile is now in the possession of said defendant in Harrison County, Texas.

"Therefore You Are Hereby Commanded That you proceed to seize and sell the above described automobile as under execution, and that you apply the proceeds thereof to the payment and satisfaction of said sum of Fifteen Hundred, Sixty-four and No/100 Dollars, together with the interest that may be due thereon, and the further sum of Eight and 80/100 Dollars, costs of suit, together with your legal fees and commissions for executing this writ. And if the said property shall sell for more than sufficient to pay off and satisfy said sums of money, then you are hereby directed to pay over the excess thereof to the Defendant Mrs. Annie Albright. But if you fail to find said property, or if the proceeds of such sale shall be insufficient to satisfy said judgment, then you are directed to make the money, or any balance thereof remaining unpaid, out of any other property of the Defendant as in the case of ordinary executions.

"Herein Fail Not, But of this writ make due return within Ninety days, showing how you have executed the 'same.

"Given Under my Hand and Official Seal at my office in Marshall, Texas, this 5th day of February, A. D. 1921.

"J. B. Anderson

"Clerk, District Court Harrison County, Texas."

This order of sale was returned by the constable as follows:

"Sheriff's Return

"Came To Hand The 5th day of February, A. D. 1921, at 10 o'clock A. M. and executed the ——— day of ——— A. D. 192— at ——— o'clock — M. by ———. And returned by order of Plaintiff on this May 7th, 1921, the

plaintiff and defendant having agreed upon a sale of the car herein described at private sale freed from the judgment and lien in this cause and plaintiff in consideration thereof having credited said judgment with the sum of $564.00 on pr. and all interest to this date unpaid of $1,000.00 principal with interest from this date.

"A. J. Munden
"Constable, Precinct No. 3,
Harrison County, Texas.

Fees:
Service levy ........................ $1.00
Return ............................ .50
Mileage ........................... .10

Total ............................ $1.60"

On May 7, 1921, Sanders-Overland Motor Company assigned the above judgment to W. E. Collins, and on November 21, 1922, Collins caused an alias execution to issue to Gregg county on the above-described judgment. The execution and the constable's return are as follows:

"Alias Execution (with Bill of Costs)
"The State of Texas
"To the Sheriff or any Constable of Gregg County, Greeting:

"Whereas, on the 11 day of December, 1920, the Sanders-Overland Motor Company recovered a judgment in Cause No. 4334 in the District Court of Harrison County, against Mrs. Annie Albright for the sum of One Thousand Five Hundred Sixty-four and No/100 Dollars, with interest thereon from the 11 day of December, 1920, at 10 per cent per annum, and all cost of suit, as of record is manifest:

"Therefore, You are Hereby Commanded as you have heretofore been commanded once that of the goods and chattels, lands and tenements of the said Mrs. Annie Albright you cause to be made said sum of One Thousand and No/100 Dollars, Balance due on said judgment with interest thereon from the 7th day of May, 1921, at the rate of ten per cent per annum, together with the sum of Thirteen and 45/100 Dollars, costs adjudged against the said Mrs. Annie Albright and also the further costs of executing this writ.

"Herein Fail Not, and have you the said moneys, together with this writ before said Court, at the Court House thereof, in Marshall, Texas, on the 60 days from date.

"Given under my hand and the seal of said Court, at office in Marshall, Texas, this, the 21 day of November, 1922.

"J. B. Henderson, Clerk
"[SEAL] District Court, Harrison County, Texas."

"Sheriff's Return.

"Came to hand on the 1st day of December, 1922, at 10 o'clock, — M. and executed at Longview, in Gregg County, Texas, on the 1st day of December, A. D. 1922, at 10 o'clock — M., by levying upon the following described land, property of the defendant, and situated in Gregg County, Texas, viz.: Part of the W. H. Castleberry H. R. Survey, Beginning at the S. E. Corner of 47½ acre tract belonging to Marguirite Albright, et al., same being 254 vrs from the Wm. Castleberry S. W. corner, Thence E. with Castleberry S. B. L. 2146 vrs to the S. E. corner of a 447½ acre tract; Thence N. 1052 vrs to stake for corner; Thence W 2146 vrs to the N. E. corner of 47½ acre tract stake for corner; Thence S. 1052 vrs to the place of beginning containing, 400 acres of land and levied upon as the property of Mrs. Annie Albright and that on the 1st Tuesday.

"And afterwards, on the 5th day of December, A. D. 1922, advertised the same for sale at the Court House door of Gregg County, on the 22d day of January A. D. 1923, being the first Tuesday of said month (by an advertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the 11th day of December, A. D. 1922, in the Longview Leader, a newspaper published in the County of Gregg, stating in said advertisement the authority by virtue of which said sale was to be made, the time of levy, the time and place of sale, a brief description of the property to be sold, the number of acres. the original survey, its locality in the County, and the name by which the land is generally known), (by written advertisement posted for twenty successive days next before the day of sale at three public places in the County of Gregg, one of which is at the Court House door of said County); and also to each of the within named defendants a copy of said notice of sale; and also mailed a copy of said notice to —— defendant's attorney of record in said cause.

"And on said 2d day of January, A. D. 1923, between the hours of 10 o'clock a. m. and 4 o'clock p. m., at the Court House Door of said County, in pursuance of said advertisement, sold said property at public sale to W. E. Collins, Dallas, Texas, to whom the same was struck off for the sum of Two Hundred Eighty Dollars, that being the highest secure bid for the same; and the said W. E. Collins having paid the sum so bid by h—; I executed to h— a deed for said lands. And after first satisfying the Sheriff's cost accruing under this writ, amounting to the sum of $13.90, an itemized bill of which appears below, and the further sum of $—— original court costs the remainder, being the sum of $—— was paid to —— whose receipt for the same is herewith presented, and this writ is hereby returned on this the 9 day of Jan. A. D. 1923.

"Total costs $13.90

"J. J. Butts,
"Constable Precinct No. 1, of Gregg County, Texas."

On January 2, 1923, J. J. Butts, constable, executed to W. E. Collins the following deed: "The State of Texas County of Gregg.

"Know All Men By These Presents:

That Whereas, by virtue of a certain alias execution, issued out of the District Court of the County of Harrison, Texas, in favor of the Sanders-Overland Motor Company v. Mrs. Annie Albright on a certain judgment rendered by said Court on the 11th day of December, A. D. 1920, and directed and delivered to me, as constable of precinct No. 1, Gregg County, Texas, commanding me, of the goods, chattels, lands and tenements of the said Mrs. Annie Albright to make certain moneys in said writ mentioned, I, J. J. Butts, Constable of Precinct No. 1, Gregg County, Texas, as aforesaid, did upon the 1st day of December, A. D. 1922, levy upon the premises hereinafter described as the property of the said defendant and on the first Tuesday in January, A. D. 1923, the same being the 2d day of said month, within the hours prescribed by law, sold the said premises at public vendue, in the County of Gregg, at the door of the Court House thereof, having first given public notice of the time and place of sale, by causing an advertisement thereof to be three consecutive weeks, to-wit:

"On the 11th, 18th, and 26th days of December, A. D. 1922, respectively in the Longview Leader, a newspaper published in the City of Longview, Gregg County, Texas, and whereas, at the said sale, the said premises were struck off to W. E. Collins for the sum of Two Hundred and Eighty Dollars, he being the highest bidder therefor, and that being the highest secure bid for the same.

"Now Therefore, in consideration and by virtue of the premises aforesaid, and of the payment of the said sum of Two Hundred Eighty Dollars, the receipt of which is hereby acknowledged, I, J. J. Butts, Constable of Precinct No. 1, Gregg County, Texas, as aforesaid, having granted, sold and conveyed, and by these presents do grant, sell and convey unto the said W. E. Collins all the estate, right, title and interest of the said Mrs. Annie Albright, a widow, in and to the following described premises, viz:

"Part of the W. H. Castleberry H. R. Survey;

"Beginning at the S. E. corner of 47½ acre tract, belonging to Marguerite Albright, et al, same being 254 vrs. E. from the Wm. Castleberry S. W. Corner;

"Thence E. with Castleberry S. B. Line 2146 varas to the S. E. Cor. of a 447½ acre tract of land.

"Thence N. 1052 vrs. to stake for corner;

"Thence W. 2146 varas to N. E. Corner of the 47½ acre tract, stake for corner;

"Thence S. 1052 varas to the place of beginning, containing 400 acres of land.

"To Have and to Hold, the above described premises unto the said W. E. Collins, his heirs, and assigns, forever, as fully and as absolutely as I, Constable of Precinct No. 1, Gregg County, Texas, as aforesaid can convey by said writ.

"In Testimony Whereof, I have hereunto set my hand, this the 2d day of January, A. D. 1923."

"J. J. Butts,
"Constable Precinct No. 1, Gregg County, Texas."

On February 28, 1923, Collins and wife conveyed the property by warranty deed to W. C. Hurst. Hurst conveyed 100 acres of the land to Mrs. Annie Albright for a cash consideration of $200, and five vendor's lien notes, the first note for $300 being due in thirty days from date, and the other four notes for $325 each, due in one, two, three, and four years, respectively. On February 19, 1927, Hurst and wife conveyed to J. W. Akin all the land, conveyed by Collins to Hurst except the 100 acres conveyed by Hurst to Mrs. Albright, and also transferred to Akin the vendor's lien notes executed by Mrs. Albright to Hurst. On June 16, 1927, Mrs. Annie Albright having failed to pay the last four notes against the 100 acres of land, W. C. Hurst and J. W. Akin brought suit in the district court of Gregg county on the notes and for rescission, and recovered the following judgment, to wit:

"In The District Court of Gregg County, Texas.
"June Term—1927.
"June 13th, A. D. 1927.

"This day came plaintiffs by their attorneys, and the defendant though duly cited, came not—but wholly made default and plaintiffs announced ready for trial and a jury being waived, all matters in controversy, as well of fact as of law, were submitted to the Court; and it appeared to the Court, after hearing the pleadings, the evidence, and the argument of counsel, that plaintiffs' cause of action is liquidated and proved by instrument of writing, to-wit: Four vendor's lien notes, dated December 24th, 1923, each for $325.00 that defendant has assumed as additional sum of $1,200.00 due Federal Land Bank of Houston, Texas, and that plaintiff, W. C. Hurst, had advanced or paid taxes for year 1925 and 1926, aggregating $116.77 all of said sums aggregating Two Thousand Six Hundred and 77/100 Dollars, together with interest at 8% on $1,300.00 and 5½% on the $1,200.00 due from Feb. 29th, 1927, with 10% attorney fees on the $1,300.00, all of which is valid, existing lien on the following described estate, to-wit:

"A part of the Wm. H. Castleberry Survey in Gregg County, Texas.

"Beginning at John Bumpass S. W. Corner;

"Thence West with Castleberry South Boundary Line 1073 vrs. to triple gum for corner;

"Thence North 526 vrs., stake sweet gum 12 in. in diameter brs. S. 45 E. 8 varas, a pine 5 in. brs. N. 10 E. 1 varas;

"Thence 1073 vrs. to point in Bumpass West line, post oak 2 ft. diameter N. 60 vrs. pine brs. S. 35 E. 2 varas, stake for. corner;

"Thence South 526 vrs. with Bumpass West line to place of beginning, containing 100 acres of land.

"That Court finds that from evidence submitted that said 100 acres of land has a market value not exceeding $2,500.00 at this date, which value is less than the outstanding purchase price liens of said land; that W. C. Hurst, plaintiff, has conveyed by instrument of writing all the rights, titles, equities, and liens upon said land, together with said notes held by him to his coplaintiffs, J. W. Akin, and the Court finds that for failure to pay said consideration, plaintiffs are entitled to a rescission, said notes being due and unpaid. And it is ordered, adjudged and decreed that said conveyance to defendant, Mrs. Annie Albright, a feme sole, be cancelled and that title vest in plaintiff J. W. Akin, and that he be quieted in his possession, and that any cloud on his title be removed and that he have such other and further orders in the premises to which he is justly entitled and that he have execution against all parties for his cost in this behalf expended.

"P. O. Beard, Judge."

At the close of the evidence the court submitted the case to the jury upon special issues and upon the jury's verdict judgment for the appellees for title to all the land involved, from which judgment the appellants have duly prosecuted this appeal.

 Many attacks are made on both the judgments as well as the execution sale by the pleadings of the appellants. If the attack on the judgments and execution sale meet the requirement of a direct proceedings to have them declared void, which question we deem unnecessary to decide, still appellants would not be permitted to have them vacated because of the four-year statute of limitation.

This statute (Rev. St. 1925, art. 5529) provides: "Art. 5529. Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Both the judgments were rendered, and the execution sale was had, more than four years before appellants brought their suit to have them vacated, and appellants in their pleading nor in their proof have made no issue that they did not have notice of the rendition of the judgments at the time they were rendered or notice of the' sale at the time it was had. In this state of the record it seems to be well settled by our Supreme Court that any equitable action which appellants might have asserted in a direct proceedings to have the judgments and the execution sale vacated is cut off by the four-year statute of limitation. Levy v. Roper, 113 Tex. 356, 256 S. W. 251. But appellants insist that the record does not disclose that the four years has elapsed since the cause of action accrued to set aside the judgment of Hurst and Akins against Mrs. Albright, No. 4862, since the judgment was rendered on June 13, 1927, but was not recorded until June 16, 1927, and appellants' suit was filed June 15, 1931. This contention is predicated on the ground that appellants' cause of action to have the judgment vacated did not accrue until the judgment was recorded in the minutes of the court by the clerk. No court, as far as our investigation of the authorities reveals, has had before it the exact question here presented, but a number of courts have construed the cause of action referred to in the four-year statute of limitation in cases of this kind to be a suit to vacate a judgment rendered rather than a judgment as contended for by appellants. Tex. Jur. vol. 25, p. 643, § 227. In accordance with the view of the authority cited, we hold that the four-year statute of limitation ran from the date of the rendition of the judgment by the court rather than the date when such judgment was entered of record in the minutes of the court.

Appellants insist that the execution sale is void for ten distinct reasons, all of which might be taken advantage of in a collateral proceedings. We will not prolong this opinion to set forth our views on each of the ten assignments, but will say that each of them has been carefully considered, and they are believed to be without merit and are overruled. While we will not express our views on each of the assignments, we will note briefly our reasons for overruling what we deem the more important ones.

 It is insisted by some of the assignments that the execution sale was void because of material alterations in the return date of the alias execution after its issuance. The alias execution shows on its face to have been returnable within sixty days. The constable's return on the execution shows such sale and return to have been made within that time. It would seem that, if the writ as originally issued could have been made returnable within sixty days, and there is no question but that it could have been so made under our statutes, the execution would have been valid on its

face and operative at the time of the sale, and that in a collateral proceedings the purchaser might rely thereon, and the erasures and interlineations were not of themselves sufficient to vitiate the execution. Volume 1, § 47, Freeman on Executions (3d Ed.). The undisputed evidence, together with the jury's finding, show that the alteration complained of was the changing of the return date from December 1st to sixty days after date by the attorney of the plaintiff in the judgment with the consent of the clerk who issued the alias execution and before it was delivered to the constable in Gregg county for execution. Such a change is irregular, but does not render the execution void. 1 Freeman on Executions (3d Ed.) § 47.

■■ Appellants, by objection to the alias execution, attack the alias execution as void on the ground that the clerk who issued the alias execution was unauthorized to issue such alias execution or any execution by the terms of the judgment on such until the order of sale therein directed had been issued and executed and a definite deficiency had been ascertained to exist by means of the execution of such order of sale. The pleadings of appellant show conclusively that the order of sale issued on the judgment by Sanders-Overland Motor Company v. Mrs. Annie Albright was never levied by the constable and a sale of the property had, the reason being that Mrs. Albright agreed with Sanders-Overland Motor Company to purchase the automobile for $560, which amount was to be a credit on the judgment, and the lien against the automobile was to be released. Although it seems to appear that the judgment was never credited with the amount of $560, yet the alias execution was issued for the balance due on the judgment for $1,000. The question then presented is: Can the parties to a judgment in which there is a foreclosure of a lien on certain property of the defendant in the judgment agree on a release of the property from the judgment to the defendant for a specified sum to be credited on the judgment and thereby arrive at a valid deficiency judgment, or must the order of sale be actually levied and the sale actually had by the officer before a legal deficiency judgment can be established? We are of the opinion that the deficiency may be arrived at by an agreement of the parties to the judgment to the release of the property to the defendant for a consideration and a credit on the judgment of the amount. We recognize the rule firmly established that in a judgment foreclosing a lien on property which was given for security of a debt, a sale of the property by the officer to whom the order of sale was issued is necessary before a valid deficiency judgment can be arrived at which will au-

thorize any proceedings against the property of the defendant other than that mortgaged is allowed. Bailey v. Block, 104 Tex. 101, 134 S. W. 323. But we are of the opinion that this general rule must be held to be subject to the right of the parties to the judgment to agree on a release of the property from the judgment for a specified sum to be credited on the judgment, and especially should this be true where the defendant in his judgment was permitted to keep the property foreclosed on for an agreed amount to be credited on the judgment. While we are unable to cite authorities directly in point supporting the above holding, yet we think there is ample support for so holding in the case of Cornelius v. Burford, 28 Tex. 203, 91 Am. Dec. 309, where the general rule is recognized that a levy upon sufficient property to satisfy the execution is a satisfaction of the debt if the property be taken from the defendant in execution, and the judgment creditor after such a levy must look for his money to the officer who made the levy; for, so far as the debtor is concerned, the debt is paid, and he is discharged from further liability on account of it. While the above are the general rules, they do not apply where the levy is abandoned at the request or for the benefit of the debtor, or, if he retained possession of the property and it be not sold, then the levy is not a satisfaction of the judgment. We can see no distinction in the reasoning which authorizes the exception to the general rule which applies in this case to that applied by us in the case at hand.

■ A number of assignments attack the judgment entered in cause No. 4862, Hurst and Akins v. Mrs. Annie Albright, as being void for the reason that the pleadings did not authorize the relief granted in the judgment. It seems to be conceded that the petition sought a rescission of the land to Mrs. Albright by Hurst, and that the judgment adjudged a rescission, but that the judgment also granted other relief which the pleading did not authorize. If such be true, it seems settled that the judgment in so far as it decreed a rescission would not be void because other relief was granted in the judgment which was not authorized by the pleadings. State Mortgage Corporation v. Ludwig et al. (Tex. Sup.) 48 S.W.(2d) 950. There are other assignments with respect to the introduction in evidence of this judgment, but they are such as could only be considered in a direct attack upon the judgment, and, since any direct attack was cut off by the four-year statute of limitation, we deem it unnecessary to decide them.

■ Another question presented is what amount of land was conveyed by the execution sale. Appellees recovered 437½ acres in the trial court, and it is the contention

of appellants that the description of the land as contained in the constable's return on the execution is insufficient to convey more than 400 acres. It seems to be conceded that, if the calls for course and distance in the constable's description of the land is followed, the sale and the constable's deed thereunder conveyed only 400 acres. But, if the calls for stakes will control over course and distance as contended for by appellees, then there was conveyed approximately 437½ acres. The trouble seems to lie in the second call in the description of the land as contained in the constable's levy of the execution, which call is: "Thence N. 1052 vrs. to stake for corner." The evidence of a surveyor who testified on the trial shows that he found no stake at this point nor did he find evidence of a marked line running west from this point, but, by continuing the calls for course and distance 198 varas, he found several stakes and other evidence of a corner, and also found a marked line running west from these stakes. There is no evidence as to where the constable secured the field notes of the land for his levy. It is suggested, however, that he secured them from a partition decree in the district court where Mrs. Annie Albright and her children had a partition of certain lands including the tract here involved. This is suggested by the fact that the description in the partition decree of the land is exactly the same as that contained in the constable's levy. If this be true, we think the record strongly indicates that the field notes in the tract involved used by the constable in the levy and sale under the execution is the product of a so-called "office survey" rather than one made on the ground, and it seems well settled in such cases that the calls for course and distance will control over even natural objects to say nothing of artificial objects such as stakes. 7 Tex. Jur. § 39, p. 171. But there is stronger evidence still in this case why the calls for course and distance should control, and that is by doing so the exact amount of land called for in the execution sale of 400 acres is conveyed; while to invoke the rule which calls for the stake would allow an excess of approximately 37½ acres. Hughes v. State, 57 Tex. Civ. App. 306, 123 S. W. 177.

We have carefully considered the many assignments of error on this appeal, and have concluded that none of them presents reversible error.

The judgment of the trial court will be reversed in so far as it decrees a recovery to appellees of any excess of 400 acres of land, and judgment will be here rendered for appellants for title to such excess. In all other respects the judgment of the trial court will be affirmed.