## WALKER v. BAILEY et al.

### No. 4430.

Court of Civil Appeals of Texas. Texarkana.

Feb. 8, 1934.

Meador & Meador, of Dallas, Lacy & Molhusen and George Prendergast, all of Longview, for appellant.

W. H. Sanford and Conan Cantwell, both of Longview, Y. P. Broome, of Tulsa, Okl., and Allen & Morton, of Fort Worth, for appellees.

JOHNSON, Chief Justice.

Appellant, W. B. Walker, was plaintiff in the trial court; and appellees, C. H. Bailey and those holding mineral interests under him, were defendants in the trial court. The suit is in form an action in trespass to try title, and in point of fact a boundary suit, with respect to the true location of the east boundary line of a tract of land of which the following is a substantial plat:

shall be treated to comprise 324 acres, whether it actually comprises more or less. It is the express intention to include all land owned or claimed by said Grantor in survey or surveys, regardless of the correctness of the description above set out."

In the latter part of the year 1931, plaintiff, W. B. Walker, employed a surveyor, W. D. Elliott, to make a survey of the land by the field notes in said deed dated January

On September 18, 1930, W. B. Walker executed an oil and gas lease conveying to C. H. Bailey the ⅞ leasehold interest in and under the land, described in the lease as follows:

"Said land is in Gregg County, Texas, and is considered as follows:

"A part of the S. L. Davis Survey about 14 miles W of the town of Longview, on the waters of Sabine River, and bounded as follows, to-wit:

"Beginning at the N E corner of the B. A. Vansickle Survey from which a pine and two water oaks marked (X) are witness trees, which corner and bearing trees are on the bank of said Sabine River;

"Thence W with N B line of said B. A. Vansickle Survey 1560 vrs to S. W. Corner of said S. L. Davis Survey;

"Thence N 1331 vrs to corner witness trees two water oaks, one brs N 80 deg W 3-2/5th vrs; the other brs S 42 deg E 2 3/5 vrs;

"Thence E 1180 vrs to corner on bank of Sabine River;

"Thence S 16 deg. 40 min E following the meanderings of said river 1400 vrs to the place of beginning, containing 324 acres of land out of the South end of said S. L. Davis Survey, being the same land conveyed by J. E. and S. M. Smith to undersigned on 1/15/1907 deed recd Vol. 'V', pp 482–3, Gregg Co., Deed Records.

"For the purpose of calculating the payments hereinafter provided for, said land

15, 1907, from J. E. and S. M. Smith to plaintiff, W. B. Walker, which field notes are in effect the same as in the Bailey lease, said deed describing the said east boundary line. it being the last call, as follows:

"Thence S. 16 deg. 40 min. E. down said Sabine River with its meanders 1400 varas to the place of beginning, containing 324 acres, more or less."

Elliott's survey showed that with respect to the east boundary line there is a conflict in the call for course and distance and the call to meander the river from the northeast corner to the southeast corner of the tract, in that a line surveyed "down said Sabine River with its meanders," or as recited in the lease, "following the meanders of said river," to the place of beginning, does not coincide with the straight line course and distance call. "South 16 degrees 40 minutes East 1400 varas," in that the river first makes a slight bend to the west and then a larger bend to the east and back again, contacting the line at the southeast corner. In this bend of the river, according to Elliott's survey, approximately 22 acres lie east of the course and distance call line and west of the Sabine river; that there is less than 324 acres lying west of the course and distance call and there is more than 324 acres in the whole tract, approximately 341 acres; that east of the course and distance line called for in the field notes, he platted a line, west of which there would be 324 acres and east of which in the bend of the river there would

be approximately 17 acres. This suit was filed by plaintiff, W. B. Walker, to recover the north 9 acres of the 17 acres in the bend of the river. It being the contention of the plaintiff, W. B. Walker, that the east boundary line should be located by the call for course and distance, hence said 17 acres in excess of the 324 acres would lie outside of and not be covered by the field notes in the Smith deed to plaintiff nor covered by the same field notes in his lease to Bailey, and contending that plaintiff's title to said 17 acres is by limitation and not by conveyance to him by the Smith deed. It is the contention of the defendants that the east boundary line should be located by the call for the meanders of the Sabine river, hence the 17 acres would be within the field notes of the deed from Smith and of the lease to Bailey. A trial was had to a jury. There was no evidence introduced showing where the original surveyor in fact surveyed this east boundary line on the ground, no marked trees or other indications of his footsteps were found on the ground. Elliott, the surveyor, testified that in making his survey he located the four corners and the south, west, and north boundary lines on the ground as called for in the field notes, by beginning his survey at the established southeast corner on the bank of the Sabine river, thence running west, north, and east to the river; that when he arrived at the northeast corner on the Sabine river, he then surveyed along the west bank, following the meanders of the river to the place of beginning, and that he made the line himself as he went along; that he then ran the course and distance call from the northeast corner "South 16 degrees, 40 minutes East 1400 varas," to the southeast corner; and that he did not find any marked or line tree, or any evidence of any other survey having been made along this line. At the close of the evidence the court instructed the jury to return a verdict for the defendant, and judgment was entered thereon accordingly. From an order of the court overruling his motion for new trial, plaintiff, W. B. Walker, has perfected his appeal, and has assigned as error the action of the court in instructing a verdict against him.

It is the contention of appellant: (1) That the course and distance call is a specific and locative. call and that the call to meander the Sabine river is merely a directory call, and that since the two conflict, the latter must yield to the former, citing Phillips v. Ayres, 45 Tex. 601; (2) that the question as to the true location of this boundary line was one of fact which should have been submitted to the jury, citing Hughes v. State, 57 Tex. Civ. App. 306, 123 S. W. 177.

■ We are not of the opinion that either of appellant's propositions can be sustained. The call "down the Sabine River with its meanders" is not a directory call locating or placing the body of land in the general neighborhood or locality of that part of the Sabine river, but it is a special locative call specifically identifying this boundary of the land by placing it along and down the Sabine river with its meanders, or, as stated in the lease, following the meanders of the river. It is a locative call for a natural object on the ground, and controls over the less reliable unmarked call for the course and distance with which it conflicts. Phillips v. Ayres, 45 Tex. 601; Stafford v. King, 30 Tex. 257, 94 Am. Dec. 304; Taylor v. Higgins Oil & Fuel Co. (Tex. Civ. App.) 2 S.W.(2d) 288; Burkett v. Chestnutt (Tex. Civ. App.) 212 S. W. 271; Stover v. Gilbert, 112 Tex. 429, 247 S. W. 841.

■■ In the absence of any evidence of the footsteps of the original surveyor preparing the field notes, or any other evidence, as to where in fact he actually on the ground surveyed the line, the case presented no issue of fact to be determined by the jury, and in this respect is distinguishable from the case of Hughes v. State, supra. In the circumstances the case presented the question of locating the true boundary line, to be determined from the field notes by the court under the general rule with respect to the relative importance of conflicting locative calls, namely, preference to be given, first, to calls for natural object; second, to artificial objects; third, to calls for course and distance.

We are of the opinion that the court correctly determined the east boundary line of the tract of land to be down the meanders of the Sabine river.

The record presents no error, and the judgment of the trial court is affirmed.