EDWARD H. HOPKINS ET AL. V. C. CAIN.

No. 2373.  Decided February 21, 1913.

**1.—Practice in Supreme Court—Attacking Findings of Fact.**

The findings of fact in the court below will be accepted by the Supreme Court where parties questioning the sufficiency of the evidence in law fail to point out the defect.  The court is not required to hunt through the record for evidence to sustain the finding.  (P. 596.)

**2.—Judgment—Service by Publication—Collateral Attack—Record.**

Where the judgment assailed recites service, the court will be bound to accept that as correct.  In the absence of such recital in a judgment obtained on service by publication, it will look to the entire record to determine it, the burden being on the attacking party; and the statement of facts is by the statute made a part of the record where judgment is against unknown heirs (Rev. Stats., art. 1346).  (P. 596.)

**3.—Same—Sheriff's Return.**

The sheriff's return of service by publication against unknown heirs is required to be indorsed on the citation and to show when same was executed and the manner thereof, specifying the days of such publication.  This does not authorize the sheriff to state that he published the citation for eight successive weeks, but requires him to make his return showing that he had done so (Rev. Stats., arts. 1336, 1338).  (P. 596.)

**4.—Same.**

A return by the sheriff showing that he had published the citation ''once in each week for eight successive weeks,'' said publication ''made respectively on the 13th and 25th days of May, 6th day of July, 1900,'' shows a publication only on three days, and not successive.  A finding by the trial court that ''said publication was made on the 15th and 25th days of May, 1900, and on

the 8th, 15th, 22d, and 29th days of June, and on the 6th day of July, 1900,'' shows publication for seven weeks only, and not successive. Judgment rendered on such service alone was void and subject to collateral attack. (Pp. 596-597.)

### 5.—Same—Case Stated.

Suit was brought against two named persons, both then dead, of unknown residence, and their unknown heirs, for partition of land, with judgment for partition and for costs against them. On execution for such costs the land partitioned to defendants was sold. The heirs sued to recover the land from those claiming under such execution sale. The judgment contained no recital of service. The citation was lost; but it and the return thereon were copied in the statement of facts filed in accordance with the statute (Rev. Stats., art. 1346). The sheriff's return as there shown was of execution by publishing ''once in each week for eight successive weeks previous to the return day thereof. Said publication was made respectively on the 15th and 25th days of May, 6th day of July, 1900.'' Held that the record showed judgment without legal service; it was void on collateral attack; and the execution sale conveyed no title. (Pp. 595-597.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

Cain sued Edward H. and Clara B. Hopkins and their unknown heirs, to quiet title to land. Helen E. Hendrickson and others intervened claiming title to the land as heirs of Hopkins. Cain dismissed his suit. On trial of the cross action of the intervenors, they recovered judgment for the land against Cain, who appealed. The Court of Civil Appeals reversed and rendered judgment for Cain. The latter filed answer to appellees' application for writ of error, and, both parties having appeared, the Supreme Court at the same time granted the writ and disposed of the case.

*C. R. Wharton* and *Earl Wharton,* for plaintiffs in error.—The judgment itself contained no recital as to service upon the non-resident defendants in that cause, and the record in that cause showed invalid service, rendering the judgment void, and subject to collateral attack. Allen v. Wyser, 29 Texas, 153; Netzorg v. Green, 26 Texas Civ. App., 119; Edrington v. Allsbrooks, 21 Texas, 188; Doty v. Moore, 16 Texas, 592; Hill v. Faison, 27 Texas, 431; Dunn v. Taylor, 42 Texas Civ. App., 248; Martin v. Burns, 80 Texas, 679; Strode v. Strode, 52 Pac., 163; Godfrey v. Valentine, 40 N. W., 164; Lawrence v. State, 30 Ark., 721.

Any departure from the statutes in a citation by publication will render the service bad, and a judgment thereon void. Moore v. Rice, 51 Texas, 294; Stegall v. Huff, 54 Texas, 195; Goodlove v. Gray, 7 Texas, 483; Lyon v. Paschall, 45 Texas, 436; Allen v. Wyser, 29 Texas, 154; Stevenson v. T. & P. R'y Co., 42 Texas, 169.

The judgment of the District Court in Baker v. Myer was invalid and subject to collateral attack, because that was a suit for partition between Sue E. Baker and the Hopkins heirs, and was instituted under Article 1236, Revised Statutes, which statute has reference to suits against unknown heirs, and was not designed to afford a remedy for the partition of real estate, and the Court of Civil Appeals erred in holding that the suit of Baker v. Myer was properly brought and citation properly had under Article 1236. Dunn v.

Taylor, 42 Texas Civ. App., 248; Caplen v. Compton, 5 Texas Civ. App., 410; Bailey v. Morgan, 13 Texas, 342; Gillon v. Wear, 9 Texas Civ. App., 44.

The Court of Appeals erred in holding that the trial court had authority, in the case of Baker v. Myer, to render judgment against the defendants, Edward H. and Clara B. Hopkins, and their unknown heirs, for costs, this being in the nature of a personal judgment, and, as such, being void. Pennoyer v. Neff, 95 U. S., 175; Taliaferro v. Butler, 77 Texas, 582.

The Court of Appeals erred in holding that the trial court, in Baker v. Myer, had authority, in the absence of a prayer for costs on the part of plaintiff in that suit, and in the absence of notice or citation to defendants therein that plaintiffs were undertaking to recover costs against the defendants, to render any judgment against the defendants therein for costs, and any such judgment rendered without pleading and notice that such recovery was sought, was void. Netzorg v. Green, 26 Texas Civ. App., 119; Castro v. Illes, 13 Texas, 229; Russell v. McCampbell, 29 Texas, 39.

No proceeding in this State is a proceeding in rem authorizing a judgment subjecting the property of a non-resident defendant to a decree of this kind, unless the property has been seized and brought into court by some summary process. The partition of land, even under proceedings which are regular, is not such a proceeding in rem. as would authorize the court to render a judgment of kind. Manigan v. Chandler, 16 Fed., 627; 2 Freeman on Judgments, sec. 606, p. 1049; Stewart v. Anderson, 70 Texas, 600.

*G. W. Tharp* filed brief as attorney ad litem for the unknown heirs of E. H. and Clara B. Hopkins.

*Baldwin & Taylor,* for defendants in error.—From the undisputed evidence in the case, it will be seen that none of the heirs of Edward H. Hopkins are parties to this suit; and it is clear that all of the heirs of Clara B. Hopkins are not parties to this suit. Howard v. Masterson, 77 Texas, 41; Baldwin v. Goldfrank, 88 Texas, 249; Hallie v. Fontaine, 33 S. W., 260-263; Jack Ball v. Carroll, 42 Texas Civ. App., 323; Hendricks et al. v. Stone, 78 Texas, 358.

The judgment entered in that case having recited due service, and the petition having been one of trespass to try title and partition, praying for general and special relief, and the trial court having directed the partition, and, after the partition was made, having charged the shares set aside to the respective parties, with payment of their proportional part of the costs, and having directed that the costs be saisfied by the sale of said shares if not paid within twenty days after the adjournment of the court, which sale should be reported back to the court and approved by the court, and said sale having been made as directed by the court, and having been reported to and approved by the court, and the sheriff having been ordered to make a deed to the purchaser, these facts were sufficient to pass title and to show jurisdiction in the court, and this judgment and proceedings had therein could not be attacked collaterally. Rev.

Stats., arts. 3603, 1235, 1236, 1504a to 1504f, 3607 to 3625, 1425, 2188; Hanrick v. Gurley, 93 Texas, 475; Crosby v. Bannosky, 95 Texas, 451; Laughter v. Seela, 59 Texas, 177-181; Taliaferro v. Butler, 77 Texas, 578; Gillon v. Wear, 9 Texas Civ. App., 47; Freeman v. Preston, 27 S. W., 495-497; Poole v. Lamon, 28 S. W., 365; Kilmer v. Brown, 28 Texas Civ. App., 420; Moore v. Blagge, 91 Texas, 151; Campbell v. Upson, 81 S. W., 361; Kalteyer v. Wipff, 92 Texas, 673-85; Freeman v. Alderson, 119 U. S., 190; Roller v. Holly, 176 U. S., 399; Arndt v. Griggs, 134 U. S., 316.

A domestic judgment of a court of general jurisdiction on a subject-matter within the ordinary scope of its power and proceedings is entitled to such absolute verity that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person, also is so conclusive that evidence aliunde will not be admitted to contradict it. Wilkinson v. Shoemaker, 77 Texas 617; Fitch v. Boyer, 51 Texas, 344; Lutcher v. Allen, 43 Texas Civ. App., 106; Kern Barber Sup. Co. v. Freeze, 96 Texas, 516; Heck v. Martin, 75 Texas, 469.

The evidence in this case fails to show that the intervenors deraigned title from the sovereignty of the soil, and as the evidence fails to show a common source title, it was the duty of the trial court to have rendered judgment for the appellants, and said court erred in refusing so to do. Howard v. Masterson, 77 Texas, 41; Baldwin v. Goldfrank, 88 Texas, 249; Hallie v. Fontaine, 33 S. W., 260-263; Jack Ball v. Carroll, 42 Texas Civ. App., 323; Hendricks et al. v. Stone, 78 Texas, 358.

In a collateral attack on the judgment, this court is confined to the record in that case with the burden on the plaintiffs in error; this court could not look to the return as set forth in the statement of facts as a part of the record in determining, in this collateral attack upon that judgment, as to whether or not the record affirmatively established the want of such citation and return as is required by law. Rev. Stat., arts. 1346, 1380; Buse v. Bartlett, 21 S. W., 53, 1 Texas Civ. App., 335; Lutcher v. Allen, 43 Texas Civ. App., 1071; Dunn v. Taylor, 42 Texas Civ. App., 241-249; 20 Am. & Eng. Ency. of Law (1st ed.), p. 485.

The part of the return of the sheriff which states that the publications were made once a week for eight successive weeks should control the return, though the sheriff also stated or attempted to set for the dates of the publication in the return, and this return failed to set forth eight publications. Buse v. Bartlett, 1 Texas Civ. App., 335; Gillon v. Wear, 9 Texas Civ. App., 46; Tabor v. Losano, 6 Texas Civ. App., 698; Fleming v. Tatum, 135 S. W., 65; Davis v. Robinson, 70 Texas, 394; Stewart v. Anderson, 70 Texas, 590; Hardy v. Beatty, 84 Texas, 567.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Sue E. Baker and Edward H. Hopkins and wife were the owners of 1,043 acres of land in a survey patented to Wm. Francis in Harris County. Sue E. Baker filed a suit in the District Court of Harris

County against Edward H. Hopkins and Clara B. Hopkins and their unknown heirs, whose residences were unknown. In that suit Sue E. Baker claimed two-thirds of the land, alleging that the remaining one-third belonged to the defendants. Service was had by public citation and judgment was rendered in favor of Sue E. Baker for two-thirds and Edward and Clara B. Hopkins and their unknown heirs for one-third, awarding partition, which was had, and 348 acres were set off to the Hopkins and their heirs. Edward H. and Clara B. Hopkins were dead at the time the suit was filed. None of the heirs appeared and the District Court appointed an attorney to represent them. The papers in the case, except the statement of facts, were lost.

The land was regularly partitioned and report approved and the court entered judgment against the heirs of Hopkins for $75.00, attorney's fee, and one-third of the costs, and ordered sale to be made of the land set apart to the defendants, if the sum adjudged should not be paid in twenty days, which was not done, and the land was sold at public outcry to Eva W. Walker, who conveyed it to Cain. The sale was approved by the court.

The question for decision is, was the judgment of the District Court, which ordered the sale of the land, void? The papers having been lost we assume that the proceeding was regular and the citation for publication in proper form. The question turns upon the compliance or non-compliance with the statute by the sheriff in publishing the citation and making return thereof.

Article 1236 provides that the sheriff shall cause publication of the citation to be made "once in each week for eight successive weeks previous to the return day of such citation."

Article 1238 reads: "The return of the officer executing such citation shall be indorsed or attached to the same, and shall show when the citation was executed and the manner thereof, specifying the dates of such publication, shall be accompanied by a printed copy of such publication, and shall be signed by him officially."

The judgment entered was that Sue E. Baker recover two-thirds of the land and that Edward H. Hopkins and Clara B. Hopkins and their unknown heirs recover one-third. ordering partition, etc., and adjusting costs.

The procedure in such case is prescribed by Article 1346, Revised Statutes, thus:

"When service of process has been made by publication, and no answer has been filed within the time prescribed by law, the court shall appoint an attorney to defend the suit, and judgment shall be rendered as in other cases, but in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as part of the record thereof."

The judgment in this case did not contain any recital as to service, but the statement of facts contained a copy of the citation by publication and this endorsement thereon by the sheriff."

"Came to hand on the 24th day of March, A. D. 1900 at 10 o'clock a. m., and I executed the within citation, by publishing the same in the Houston Daily Herald, a newspaper published in the County of

Harris, once in each week for eight successive weeks previous to the return day hereof. Said publication was made respectively on the 15th and 25th days of May, 6th days of July, 1900, and a printed copy thereof is returned herewith.   A. R. Anderson, sheriff Harris County, by A. L. Conway, deputy.''

The judge's findings of fact recited the return service as shown above, except as follows: ''Said publication was made respectively on the 15th and 25th days of May, 1900, and on the 8th, 15th, 22nd, and 29th days of June and on the 6th day of July, 1900.''

The defendant in error having replied to the application, the application is granted and we will dispose of the case.

The defendant in error asserts that interveners did not prove that they were heirs of Edward H. and Clara B. Hopkins, therefore, were not entitled to recover.   The District Court found against the contention and we are not required to hunt through the record for evidence to sustain the finding.

The only question to be decided is does the record show with reasonable certainty that the service by publication was not made according to the requirements of the statute.   In Edrington v. Allsbrooks, 21 Texas, 189, Chief Justice Hemphill said: ''A suit against absent persons is essentially of an *ex parte* character, and at the very least plaintiffs should strictly comply with the rules of procedure before judgment.   Notice by publication is, at best, but a miserable substitute for personal service.''

If this were a review of the proceedings on appeal from the judgment of Sue E. Baker v. Hopkins, there would be no difficulty in determining the issues.   However, as a collateral attack on that judgment this court is confined to the record of that case with the burden on the plaintiffs in error.

If the judgment assailed recited service we would be bound to accept that as correct, but the judgment contains no recital of service, therefore we must look to the entire record, and, if that shows a failure to observe the law in a material point, the judgment must be held to be void.   Byrnes v. Sampson, 74 Texas, 79; Martin v. Burnes, 80 Texas, 679.

Article 1236, Revised Statutes, required that the citation be published ''once in each week for eight successive weeks previous to the return day of such citation,'' and Article 1238 required that the return of the officer shall be endorsed upon or attached to the citation, the return to show when the citation was executed and the manner thereof, specifying the days of such publication.   The law undertook to make specific provision to test the correctness and truth of the return.   The statute did not authorize the sheriff to state that he had caused the writ to be published eight successive weeks, but to make his return showing that he had done so. (Art. 1238, R. S.)

The statement of facts was by the statute made a part of the record.   (Art. 1346, R. S.)   In the statement of facts is found a copy of the citation and the sheriff's return thereon, in which the sheriff states that he published the citation for eight successive weeks, but specifies the days on which he caused it to be published as the 15th and 25th days of May and on the 6th day of July, 1900.   It is ap-

parent that the publication was not in successive weeks nor sufficient in number. The 15th and 25th days of May may have been in successive weeks, but the 6th day of July could not be in the week next succeeding the 25th day of May; June intervened. The return shows only publication on three days.

If we accept the finding of the district judge the publications were successive, but the citation was published only seven weeks, whereas the law required it to be published for eight successive weeks.

The record shows that in the case of Sue E. Baker v. Edward H. Hopkins and others the service was attempted to be made by publication, but the requirements of the law were not complied with, the court did not acquire jurisdiction of the defendants in that suit, therefore, the judgment rendered against Edward H. and Clara B. Hopkins and their unknown heirs is void, and the sale under which Cain claims title was void. Cain acquired no title to the land and the District Court correctly entered judgment in favor of the interveners, the plaintiffs in error in this court.

It is ordered that the judgment of the Honorable Court of Civil Appeals be and it is hereby reversed and the judgment of the District Court is affirmed.

Reversed and judgment of District Court affirmed.