EMPIRE GAS & FUEL COMPANY ET AL. V. MRS. ANNIE ALBRIGHT ET AL.

No. 6702.   Decided December 4, 1935.
Rehearing overruled January 29, 1936.
(87 S. W., 2d Series, 1092.)

486

*Turner, Rodgers & Winn, Thompson, Knight, Baker & Harris, L. M. Dabney,* all of Dallas, *T. B. Stinchcomb, W. H. Sanford,* both of Longview, *Vinson, Elkins, Sweeton & Weems, Fred R. Switzer, P. G. McElwee, E. J. Fountain, Jr., Andrews, Kelley, Kurth & Campbell,* all of Houston, *Thompson, Mitchell, Thompson & Young,* and *W. K. Koerner,* all of St. Louis, Mo., *Black & Graves,* of Austin, *James W. Finley, Hayes McCoy, H. J. Patterson,* all of Bartlesville, Okla., *Phillips, Trammell,*

*Chizum, Estes & Edwards,* and *Clayton L. Orn,* all of Fort Worth, for plaintiffs in error.

The judgment in the partition suit between Mrs. Albright and her children, having expressly partitioned all the property owned by them in common and set apart to Mrs. Albright all of lot 2 of the Castleberry Survey except the West 47½ acres thereof, could not be collaterally attacked at any time and could not be attacked directly after the lapse of four years; and a holding that the 37½ acres (excess acreage) should be withdrawn from the operation of said judgment is insupportable. Thatcher v. Matthews, 101 Texas, 122, 105 S. W., 317; Plowman v. Miller, 27 S. W. (2d) 612; Ormsby v. Ratcliffe, 117 Texas, 242, 1 S. W. (2d) 1084; Reast v. Donald, 84 Texas, 648, 19 S. W., 795; Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. Rep., 366; Hardin v. Hardin, 1 S. W. (2d) 708.

It was not error to admit in evidence the judgment in the suit of Hurst and others against Mrs. Albright, because the judgment recited that the defendants were "duly cited" and it is apparent from the caption and other parts thereof and the petition therein that Mrs. Albright was the defendant in that case. Bendy v. W. T. Carter & Bro., 14 S. W. (2d) 813; Milner v. Gatlin, 261 S. W., 1003.

*S. W. Marshall,* of Dallas, *Hobart Key, Barrett Gibson* and *Jones & Jones,* of Marshall, for defendants in error.

One cannot acquire the owner's real estate under the five year statute of limitation, without possession and use thereof. There being no possession and appropriation of any part of the 38.2 acre tract by the defendants, or any one whom they claim, Mrs. Albright did not lose it under the five years statute of limitation to defendants who took possession of a part of an adjoining 400 acre tract under a deed from another party, the field notes of which overlapped and included her 38.2 acre tract. Mitchell v. Burdett, 22 Texas, 633; Hardy v. Bumpstead, 41 S. W. (2d) 226; 2 Tex. Jur., 197, sec. 107; Evitts v. Roth, 61 Texas, 84; Hunnicutt v. Peyton, 102 U. S., 333; Parker v. Baines, 65 Texas, 609.

Mr. Presiding Judge RYAN delivered the opinion of the Commission of Appeals, Section B.

Mrs. Annie Albright, her four children, as owners, with four certain other parties who claim under an oil and gas lease thereon, on June 15, 1931, brought this suit against W. E. Col-

lins, W. C. Hurst, J. W. Akin and wife, and certain other parties, including several oil, gas, and pipe line companies, for the recovery of that portion of the Wm. H. Castleberry Survey in Gregg County described as follows: Beginning at S. E. corner of a 47½ acre tract belonging to Marguerite Albright, et al., same being 254 varas E. from the Castleberry S. W. Corner; thence E. with the Castleberry South boundary line 5913 feet to the S. E. Corner of a 447½ acre tract; *thence N. 3453 feet to the southeast corner of the P. S. Harris tract* in the Castleberry Survey; thence S. 86 W. 5956 feet to the N. E. Corner of a 47½ acre tract, stake for corner; thence S. 1/2 E. 2970 feet to the place of beginning, alleged to contain 447.5 acres of land, more or less.

By subsequent counts in the petition, plaintiffs sought in equity to set aside and have declared as void two certain judgments rendered against Mrs. Annie Albright and a sale under execution under one of the judgments, as a cloud upon title.

Judgment was rendered for the defendants upon special issues, which judgment was reversed by the Court of Civil Appeals, decreeing that plaintiffs take nothing as to approximately 400 acres in rectangular form 2146 varas east and west and 1052 varas north and south, but that plaintiffs recover the excess over said 400 acres, identified as a triangular tract lying north of a line running east and west 1052 varas from and parallel with the south line of said tract, containing approximately 38 acres. 64 S. W. (2d) 1096.

The Albright title originated in a conveyance from G. B. Turner and J. N. Campbell, to John Albright and T. A. Albright, dated Nov. 5, 1907, the description being as follows: A part of the Wm. H. Castleberry Survey, known as Lot No. 2 of said survey, and beginning at P. S. Harris S. E. Corner, thence W. with his S. line at 2400 varas his S. W. Corner, a stake on W. line of Castleberry league, from which a post oak bears N. 68 W. 9 4/10 varas, a maple S. 27 W. 5 4/10 varas, thence S. with said line at 1052 varas the S. W. Corner of said league, thence E. with S. line of same at 2400 varas a stake on the S. W. corner of Bumpus tract from which a small pine bears N. 45 E. 2 varas, thence N. with W. line of said Bumpus tract to the beginning, containing 447½ acres of land.

T. A. Albright died on August 2, 1917; his widow, Mrs. Annie Albright, qualified as administratrix of the estate and sued John Albright and his children by a deceased wife, in the

district court of Harrison County, for partition of the several tracts of land acquired by John and T. A. Albright. The so-called 447½ acre tract was awarded to Mrs. Annie Albright, as administratrix of her husband's estate, for and in behalf of said estate.

By deed dated February 21, 1918, R. A. Albright, a child, conveyed his interest in the property to his mother, Mrs. Annie Albright, thus placing in her (her community interest of one-half, plus his one-fifth of the father's community interest of one-half) a six-tenths interest.

On December 29, 1919, the District Court of Gregg County approved report of Commissioners in a partition suit between Mrs. Annie Albright and her four remaining children, which awarded to said children, 47½ acres off of the west end of said tract, the lines to be run that the width shall be uniform, and awarded to Mrs. Annie Albright *"the east 400 acres of said tract,* described as follows: Beginning at S. E. Corner of 47½ acre tract belonging to Marguerite Albright, et al, same being 254 varas east from the Wm. Castleberry S. W. corner, thence E. with Castleberry South boundary line 2146 varas to the S. E. corner of a 447½ acre tract, *thence N. 1052 varas to stake for corner,* thence W. 2146 varas to the N. E. corner of 47½ acre tract, stake for corner, thence S. 1052 varas to the place of beginning, containing 400 acres."

■ The report of the commissioners in partition shows that they were dividing the entire tract, the beginning call of which is designated "the P. S. Harris S. E. corner," originally known as a 447½ acre tract, and when they awarded the 47½ acres to Mrs. Albright's children and the remaining east 400 acres to her, they intended to partition the entire tract and vest title in Mrs. Albright to what remained of the entire tract after segregating the 47½ acres awarded to the children. McCardle v. Lee, 111 Texas, 380, 235 S. W., 518; Rio Bravo Oil Co. v. Weed, 121 Texas, 427, 50 S. W. (2d) 1080; Bearden v. Schnecker, 240 S. W., 996.

A better understanding of issues in this case may be had from the annexed plat. The land awarded to Mrs. Albright's children is shown between the points A B E X and that awarded to Mrs. Albright, between the points B C D E, the latter, at that time supposed to contain 400 acres, but now ascertained to contain in fact about 436 acres.

Point D designates the P. S. Harris S. E. corner.

On December 11, 1920, the Sanders-Overland Company recovered judgment by default in the District Court of Harrison County, against Mrs. Annie Albright, an assignment of which to W. E. Collins was filed among the papers in the case, on May 27, 1921, and an abstract thereof recorded (and indexed) in the judgment records of Harrison County on April 15, 1922.

For an unsatisfied balance due on said judgment, the Constable of Precinct No. 1, Gregg County, levied on and on January 2, 1923, sold to W. E. Collins for a recited consideration of $280.00 all the estate, title and interest and claim of the said Mrs. Annie Albright, a widow, in and to the following described premises, viz:

Part of the W. H. Castleberry H. R. Survey;

Beginning at the S. E. Corner of 47½ acre tract, belonging to Marguerite Albright, et al., same being 254 vrs. E. from the Wm. Castleberry S. W. corner;

Thence E. with Castleberry S. B. line 2146 varas to the S. E. cor. of a 477½ acre tract of land;

*Thence N. 1052 vrs. to stake for corner;*

Thence W. 2146 varas to N. E. corner of the 47½ acre tract, stake for corner;

Thence S. 1052 varas to the place of beginning, containing 400 acres of land.

No reference is made to the P. S. Harris tract or its S. E. corner, or to any other deed or instrument of conveyance, in aid of the description.

Under an agreement with Mrs. Albright, Judge W. C. Hurst purchased the property from W. E. Collins, and by written instrument dated March 6, 1923, addressed to her, obligated himself to convey the property to her, if, on or before November 15, 1923, she should pay him as much as $2000.00 cash and give notes at 10 per cent interest for the balance due allowing him a profit of $500.00, the property being the same recently purchased from Collins, being the 400 acres of the W. H. Castleberry Survey.

Previously, on March 8, 1920, Mrs. Albright had executed a deed of trust to secure the Federal Land Bank of Houston on a loan of $4000.00 and interest.

Mrs. Albright was unable to pay for the entire tract and finally at her instance Judge Hurst by deed dated December 24, 1923, conveyed to her, 100 acres out of the southeast cor-

ner. This deed recites a consideration of $3000.00, of which $200.00 was in cash, one note for $300.00 due in 30 days, four notes for $325.00 each, due one, two, three and four years from date, and assumption by grantee of $1200.00 of Loan No. 13216 due the Federal Land Bank of Houston.

The 100 acre tract is described in said deed as follows: A part of the Wm. H. Castleberry H. R. Survey, beginning at the S. W. corner of the John Bumpus tract, thence west 1073 varas with the Wm. Castleberry south boundary line to triple gum for corner, thence north 526 varas sweet gum 12 in. dia. brs. S. 45 E. 8 varas, pine 5 in. brs. N. 10 E. 1 vara, thence east 1073 varas to point in Bumpus west line, post oak 2 ft. diameter brs. N. 60 W. 5 varas, pine S. 35 E. 2 varas for corner, thence south 526 varas with Bumpus west line to the place of beginning, containing 100 acres of land.

Mrs. Albright desired to sell certain other property but the judgment having been abstracted, it was required that she obtain release of the judgment lien and accordingly, W. E. Collins on March 19, 1923, released unto her the said judgment and all judgment liens that may exist against any property owned by Mrs. Annie Albright, "said judgment having been satisfied through the sale of 400 acres of the Castleberry H. R. in Gregg County, Texas, at constable's sale."

■ Numerous attacks are made on said judgment, the execution and levy thereunder and the constable's sale to Collins, but we think Mrs. Albright is estopped therefrom. She obtained benefits of such sale, recognized it as valid and cannot now question it. McGlothin v. Scott, (Com. App.), 48 S. W. (2d) 610; Doty v. Barnard, 92 Texas, 104; Mayer v. Ramsey, 46 S. W., 371.

By deed dated February 28, 1923, W. E. Collins and wife, for a stated consideration of $1985.00 paid and secured to be paid, conveyed to W. C. Hurst, 400 acres of land, reciting that grantors are the owners of the fee therein by virtue of con-stable's sale dated January 3, 1923, under the judgment of December 11, 1920 in favor of Sanders-Overland Motor Car Company, and by them transferred to W. E. Collins as a balance of $1000.00. The description in said deed from Collins and wife to Hurst is as follows:

"All that certain tract or parcel of land situated in Gregg County, Texas, a part of the Wm. H. Castleberry H. R. Survey.

"BEGININNG at the P. S. Harris Southeast corner;

"Thence West with the Harris South line at 2400 varas to the Southwest corner, a stake in West line of the Castleberry

League, from which a post oak brs. N. 68 W. 9.4 vrs., a maple S. 27 W. 5.4 vrs;

"Thence South with the said West line 1052 vrs., the S. W. cor. of the League;

"Thence East with the South line of said league 2400 vrs., a stake in the Southwest cor. of the Bumpus tract, pine N. 45 E. 2 varas;

"Thence North with West line of Bumpus tract to the place of beginning, containing 447½ acres of land, less 47½ acres off the West end, it being the purpose of this conveyance to pass title to 400 acres of land."

By deed dated February 19, 1927, Judge Hurst and wife conveyed to J. W. Akin by the same description, the property conveyed to him by W. E. Collins, but with this recital, viz:

"Subject, however, to any right that Mrs. Annie Albright has to 100 acres out of the S. E. Corner, said 100 acres being 1073 vrs. E. and W. and 526 vrs. N. and S., and the warranty does not cover this 100 acres in event that the said Mrs. Annie Albright shall pay the grantor the consideration of the sum of Twenty-five Hundred ($2,500.00) Dollars, which is now due on said 100 acre tract. Said above described land being the same as deeded to W. C. Hurst by W. E. Collins, et ux., said deed recorded in Vol. 46, pages 197-9, Deed Records of Gregg County, Texas," and on the same day Hurst assigned to Akin the four vendor's lien notes for $325.00 each, described in the deed to the 100 acre tract, from Hurst to Mrs. Albright, together with all liens and titles held by said Hurst in and to said land.

On May 11, 1927, W. C. Hurst and J. W. Akin filed suit in the District Court of Gregg County against Mrs. Annie Albright for cancellation of the conveyance from Hurst to her of the 100 acre tract, and removal of cloud from title, for failure to pay the four last maturing purchase money notes, and certain taxes for the years 1925 and 1926, also, that buildings have been allowed to deteriorate and the reasonable market value under present conditions is less than the indebtedness then outstanding.

In the alternative, if the court should find any equity in said land due the defendant, plaintiff Akin prayed judgment for his debt evidenced by said notes, with interest, attorney's fees and costs, and Hurst prayed judgment for the amount of taxes advanced by him, and both joined in a prayer for foreclosure of their respective liens.

Citation thereon issued May 11, 1927, directed to the sheriff

or any constable of Dallas County, commanding him to summon Mrs. Annie Albright, a widow, to be and appear before the District Court of Gregg County at its next regular term on the first Monday in June, 1927, to answer the plaintiff's petition filed in a suit in said court *on the 11th day of June, A. D. 1927,* wherein W. C. Hurst and J. W. Akin are plaintiffs and Mrs. Annie Albright is defendant.

The nature of plaintiff's demand is stated therein as follows:

"Plaintiffs pray for cancellation and rescission of conveyance of 100 acres of land conveyed by W. C. Hurst to Mrs. A. Albright, December 24th, 1927, for failure to pay consideration or in case rescission is denied a foreclosure of vendor's lien, order sale, etc. Reference is here made for fuller statement to attached certified copy of original petition."

At the June term, 1927, of the District Court of Gregg County, judgment was rendered cancelling the conveyance to Mrs. Albright, vesting title in plaintiff J. W. Akin, quieting him therein, by field notes, as described in the deed from Hurst to Mrs. Albright, and removing any cloud therefrom.

The judgment recites "this day came plaintiffs by their attorneys and the defendant, though duly cited, came not but wholly made default, and plaintiffs announced ready for trial, and a jury being waived, all matters in controversy, as well of fact as of law, were submitted to the court, and it appeared to the court, after hearing the pleadings, the evidence of the argument of counsel, etc."

This judgment is attacked as void in that the citation required the defendant to answer a petition to be filed on a date subsequent to the issuance of such citation and after the term of court at which the citation was returnable.

It is insisted that the true date the petition was filed not being stated, instead of an impossible date as stated, the judgment is void, Mrs. Albright having filed no answer and made no appearance in the case.

The trial court seems to have sustained objections to the introduction in evidence of the citation, to which proper exception was reserved; such instrument is, however, copied in the statement of facts and may therefore be considered in connection with the recital "though duly cited" in the judgment as affecting its validity.

■ Those objections would be good in a direct attack upon the judgment in the court which pronounced it or in a higher court,

upon appeal, writ of error or certiorari. Pruitt v. State, 92 Texas, 434, 49 S. W., 366; Simms v. Miears, 190 S. W., 544; Duke v. Spiller, 51 Texas Civ. App., 237, 111 S. W., 787; Smith v. Buckholts State Bank, 193 S. W., 730; 25 Tex. Jur., p. 747, sec. 282. But where judgments are collaterally assailed their jurisdictional recitals are not open to attack but import absolute verity. Levy v. Roper, 113 Texas at p. 361, 256 S. W., 251; Brown v. Clippinger, 113 Texas, 364, 256 S. W., 254; Hopkins v. Cain, 105 Texas, 591, 143 S. W., 1145; Martin v. Burns, 80 Texas, 676, 16 S. W., 1072; Chapman v. Kellogg (Com. App.), 252 S. W., 151.

The judgment was rendered by one (the old) court of Gregg County; this suit is in another district court, though of the same county, subsequently created.

■ Such an attack in one court upon the judgment of another court is a collateral attack. Robins v. Sanford (Com. App.), 29 S. W. (2d) 969; Smith v. Perkins, 81 Texas at p. 157, 16 S. W., 805; Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325; Hopkins v. Cain, 105 Texas, 591, 143 S. W., 1145; Brooks v. Powell, 29 S. W., 809 (writ refused); Reeves v. Fuqua, 277 S. W., 418; Cotulla State Bank v. Herron, 218 S. W., 1091; Switzer v. Smith (Com. App.), 300 S. W., 31, 68 A. L. R., 377; 34 C. J., 520, sec. 827.

■ We think the judgment was properly admitted in evidence.

It follows from the above that the recovery for defendants below as to the tract of land described by specific field notes and not including the 38 acres excess south of the Harris south line, in the Constable's deed to Collins should not be disturbed, which brings us to the question whether even though that description does not include such triangular excess tract embraced within points D E G H, Mrs. Albright is barred from claiming same under the five years statute of limitations.

■ The basis of a claim under the five years statute is peaceable and adverse possession of real estate, cultivating, using or enjoying the same under a deed or deeds duly registered, with the payment of taxes before delinquency. If therefore the claim of Judge Hurst is based upon a deed or deeds duly registered, other than the constable's deed, coupled with peaceable and adverse possession and payment of taxes before delinquency— and it may be assumed for the purposes of this opinion that the constable's deed does not include such excess by way of description and that the Court of Civil Appeals correctly so

held—such other deed may furnish the basis of his claim of limitations under the five years statute. Hurst did acquire from Collins an additional deed dated February 28, 1923, which was duly registered, wherein the description of property does include such excess. Unlike the constable's deed, the beginning point therein is fixed at the P. S. Harris southeast corner and the last call (unlike that in the constable's deed—thence N. 1052 varas to stake for corner) is "thence N. with west line of Bumpus tract to the place of beginning," which clearly includes all of the Albright tract south of the Harris line, except the 47½ acres off the west end.

The Court of Civil Appeals seems not to have considered this phase of the case and rests its conclusion of non-title in Hurst and his vendees to the triangular excess tract, only on its conclusion that the constable's deed did not include such tract and ignores the jury's finding on the question of limitations which may be based on the deed from Collins to Hurst.

The suit was brought for recovery of the entire tract; description in the petition, as in the deed from Collins to Hurst, calls for the S. E. corner of the Harris tract and the line running westerly therefrom to the N. E. corner of the 47½ acre tract.

The jury in the trial court found that the defendants and those through whom they hold, had peaceable and adverse possession of the land involved in the suit (which includes the so-called excess) either in person or through tenants, cultivating, using or enjoying the same, and paying taxes thereon, and claiming under a deed or deeds duly registered, for a period of five years before June 15, 1931.

The verdict in that respect has not been criticized or discussed by the Court of Civil Appeals. Application of the five years statute did not depend alone upon the constable's deed containing the description construed by that court. Akin and Hurst, his predecessor in title, held consecutively under deeds duly registered describing the land with reference to and beginning at the Harris S. E. corner. These deeds describe the entire tract using the same description by virtue of which the Albrights acquired title, and the verdict, upon the issue of adverse possession, supported the judgment in favor of the defendants below for the entire tract, including the so-called excess at the north, whether or not the constable's deed correctly described it. The Court of Civil Appeals reversed the trial court's judgment as to such excess, solely upon the proposition

that the constable's levy and sale did not include it; this we think was error.

■ We may admit that Collins acquired no title to such excess under the constable's deed and that Hurst acquired no title thereto under the deed from Collins, but the latter deed is a sufficient support for the five years state of limitations, the other requirements of the statute being met. As said by Chief Justice Phillips in Roseborough v. Cook, 108 Texas, 364, 194 S. W., 131:

"To support limitation under the five years statute it is not necessary that the deed, under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may, therefore, pass no semblance of title; yet, if it describes and purports to convey the land and tested by itself is upon its face a good deed, it meets the requirements. Wofford v. McKinna, 23 Texas, 36, 76 Am. Dec., 53; Schleicher v. Gatlin, 85 Texas, 270, 20 S. W., 120; Harris v. Wells, 85 Texas, 312, 20 S. W., 68."

So, in accordance with the jury's finding, Mrs. Albright lost her claim to such excess, under the five years statute of limitation.

We conclude that the judgment of the Court of Civil Appeals should be reversed and that of the District Court affirmed, and it is so ordered.

Adopted by the Supreme Court December 4, 1935.

Rehearing overruled January 29, 1936.