## BEMIS v. BAYOU DEVELOPMENT CO. et al.

### No. 11668.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1944.

Rehearing Denied Jan. 4, 1945.

Edward S. Boyles, Bruce C. Billingsley, and Harvey T. Fleming, all of Houston, for appellant.

R. U. Culberson, Fred R. Switzer, Fred V. Hughes, R. E. Seagler, and Ralph B. Lee, all of Houston (Rex G. Baker, of Houston, of counsel), for appellees.

GRAVES, Justice.

On March 1 of 1937, appellant filed this suit in the district court of Galveston County, Texas, as a resident of Oakland, California, which residential recital was changed in his third amended petition, filed June 23 of 1944, to Roseburg, Oregon, both pleadings being in the form of an action in trespass to try title, against the appellees, to recover 579.85 acres of land, more or less, located in Galveston County, Texas, as an entirety, being Lots 16 to 20, both inclusive, of the Righter Subdivision of the Sellers League.

In so suing, the record now at bar shows, he then knew and at the several dates thereof had known, that there were upon the records of such district court two other proceedings affecting the title to the land he so sought the recovery of for himself, to-wit:

(1) A judgment in cause No. 38,396 on the docket of such court, styled Victor E. Bemis v. Will E. Bemis et al., entered on November 9, 1922, as shown by the Minute Book 44 thereof, pages 223 to 226, partitioning such 579.85 acres between Victor E. Bemis, Will E. Bemis, and appellant, Frank A. Bemis, into respective tracts Nos. 1, 2, and 3, appellant's No. 3 containing 160.8 acres;

(2) A judgment in cause No. 42,190 on the docket of such court, styled Victor E. Bemis v. Frank A. Bemis, entered June 23 of 1926, by which the court established and foreclosed an equitable lien in favor of Victor E. Bemis against appellant, Frank A. Bemis, in the property in controversy as so sued for herein, in virtue of Victor E. Bemis' having paid, as a then co-tenant of Frank A. Bemis, before the date of the partition described in preceding paragraph 1 hereof, at a time when the 579.85 acres had been jointly owned by the three above named Bemises, taxes upon appellant, Frank A. Bemis' interest, whatever it then was in such whole body of land.

It thus turns out that, while appellant's present suit, as recited supra, was in form one to try title to this land in its entirety against the appellees herein, its substance was clearly and in reality a studied collateral attack upon the then 11-year-old foreclosure-judgment of the same district court, under which this record also shows an order of sale in due course had then been issued and such property in its entirety had been sold to the predecessors in title of these appellees.

Two outstanding and contributory facts underlying these recitations are: (1) While appellant, as indicated, in his petition in this suit, sued for the entire 579.85 acre tract, he introduced, as a part of his own evidence herein, the partition-judgment described in paragraph 1, supra; (2) the character of the suit herein was—per force and in effect—a collateral attack upon such 1926 foreclosure—judgment, because Victor E. Bemis, who had been the plaintiff in such former foreclosure suit, was not in the present suit made a party to it by the appellant, nor does the latter, so contend; indeed, the rationale of his entire effort in this litigation is—assuming that it constitutes such collateral attack upon the former foreclosure-judgment—that it should prevail, because, he asserts with great earnestness and ability, the foreclosure-judgment was wholly void upon its face and should be held to be a nullity, for these reasons:

(a) The pleadings and the citation in the record of such foreclosure judgment may be introduced herein to contradict the jurisdictional recitals in that judgment, to the effect that:

"On this the 23rd day of June, 1926, came on to be heard the above styled and numbered cause and the plaintiff, appearing by his attorney, announced ready for trial and the defendant, Frank A. Bemis, though having been duly and legally cited to appear and answer herein, citation together with copy of plaintiff's original petition having been served on said Frank A. Bemis on the 21st day of May, A. D. 1926, and said defendant having failed to appear or answer herein * * *."

(b) When so looked to, the pleadings upon which it is based, as well as the intrinsic recitals of such foreclosure-judgment itself, make manifest that it was

wholly void, in that such pleadings, recitals, and integral papers show upon the face thereof that this appellant, as the defendant in interest in such foreclosure suit, was not served with citation by publication therein in accordance with Article 1976, Revised Civil Statutes of Texas which was the only legal way in which he could have been haled into such proceeding under the then-existing law of Texas, but that, on the contrary, it had been therein attempted merely to serve him by the issuance to him of a non-resident notice, pursuant to then-existing Article 2037 of the Revised Civil Statutes of Texas.

There are many other ramifications and details of procedure the appellant prescribes under and depends upon, but it is thought that those given reflect, in substantial purport, the controlling ones of his contentions.

The trial court, passing upon the cause without a jury, overruled all of appellant's stated contentions, sustaining, instead, the opposing ones of the appellees, to the effect that the partition-judgment so assailed recited due service upon this appellant as the defendant therein—as the quotation already made therefrom shows—decreed the establishment of such an equitable lien for paid taxes as the plaintiff in that judgment declared upon, and ordered the foreclosure thereof; further, in effect, it held that such recitals in that long-standing and unattacked judgment, under the laws of Texas, imported absolute verity, hence could not be contradicted in any manner by such collateral attack thereon as the appellant made in this instance.

After a full consideration of the elaborate briefs, written and oral arguments, and the cited authorities by both sides, this court reaches the conclusion that the court below was correct, and that its judgment should be affirmed.

■ Subsidiarily to his stated first and main contention in so attacking the 1926 foreclosure-judgment, No. 42,190, that the pleadings and citation, and other court papers in the record of that cause, may be introduced to contradict the jurisdictional recitals in the judgment itself, he asserts that such recitals themselves, upon the face of that record, show that the judgment is so inherently infirm as to constitute mere waste paper; that presentment is likewise unsound, because the rule invalidating his first proposition that "where judgments are collaterally assailed, their jurisdictional recitals are not open to at-tack, but import absolute verity," applies with equal force to this second one also. The Texas authorities so holding may briefly be thus collated: Williams v. Tooke, Tex.Civ.App., 116 S.W.2d 1114, writ dismissed; Article 5, Sec. 8, Texas Constitution, Vernon's Ann.St.; Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152; Rhoads v. Daly General Agency, Inc., Tex.Civ.App., 152 S.W.2d 461, writ refused; Cheney v. Norton, Tex.Civ.App., 168 S.W.2d 697, writ of error refused; Sederholm v. City of Port Arthur, Tex. Civ.App., 3 S.W.2d 925, 928.

Indeed, under the well-settled rules these cases apply, the recitations of the judgment under review import the precise contrary to appellant's insistence; in addition to the substance of others of its recitals already given, and other internal provisions of that judgment, was this:

"The plaintiff, Victor E. Bemis, has a good and valid lien on and against all of the right, title, and interest of the said Frank A. Bemis to secure the repayment of the above described one-third of said taxes with interest, as aforesaid."

The cause of action so dealt with by the district court of Galveston County was, therefore, plainly exhibited to have been presented through a suit declaring upon and seeking to foreclose an equitable lien upon real property in Texas in favor of one litigant, who had been found to have paid in behalf of his co-defendant the latter's taxes upon that property; hence, in all the other settings already given, its recitations that it was dealing with land in Texas in such a proceeding in rem to foreclosure an equitable lien in favor of one who, undoubtedly under the general law of subrogation (Linz et al. v. Bower, Tex.Civ. App., 86 S.W.2d 63, error refused; San Antonio Cattle Loan Co. et al. v. Blalack & Son, Tex.Civ.App., 256 S.W. 974, affirmed in Tex.Com.App., 267 S.W. 474; Putty et ux. v. Putty, Tex.Civ.App., 6 S.W.2d 136), was entitled thereto, conclusively showed upon the face of that record that the court had jurisdiction of the subject matter so dealt with.

It also seems to follow, under the findings and conclusions stated, as night the day, that appellant—especially in his disclosed position at the time—was not legally privileged to go behind the given recitals in the foreclosure-judgment that so stood

in his way, either to prove that he was a non-resident of Texas at the time of its rendition, which does not appear on the face of that judgment, or to prove that he was not physically in Texas on that date, to-wit, May 21, 1926, which likewise does not appear on the judgment's face; nor, finally, to prove that the service specified in the judgment was not the service provided and required by the laws of Texas, especially in Article 2037, Vernon's Civil Statutes, which has frequently been held to apply to foreclosure cases. Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520; Sewell v. Spitzer, Tex.Com.App., 234 S.W. 1083; Article 2039, R.C.S. of Texas; Roberts v. Carlisle, Tex.Civ.App., 4 S.W. 2d 144, writ dismissed; Wilson v. Beck, Tex.Civ.App., 286 S.W. 315, error refused; Wilson v. National Bank of Cleburne, 27 Tex.Civ.App. 54, 63 S.W. 1067, rehearing denied; Norvell v. Pye, Tex.Civ.App., 95 S.W. 666; Galloway v. State National Bank of Ft. Worth, Tex.Civ.App., 56 S.W. 236; Brophy v. Kelly, 5 Cir., 211 F. 22; Pantaze v. Fox Head Spring Beverage Co., 120 Tex. 270, 37 S.W.2d 724; Sugg v. Thornton, 132 U.S. 524, 10 S.Ct. 163, 33 L.Ed. 447.

As before recited, the record shows that appellant was personally served with the non-resident notice of the filing of the suit as prescribed by Article 2037, supra, of Revised Civil Statutes of Texas, and that the sheriff's return on the order of sale of the land the court had duly made, and that a notice of such sale had been mailed to him.

It further shows, as generally recited supra, that when he came to file this suit in the form of trespass to try title, attacking the then 11-year-old foreclosure-judgment in No. 42,190, of which he had had actual knowledge throughout that period, that he had still "failed to pay the taxes, failed to pay his brother who paid them for him, failed to defend the foreclosure suit, failed to make any motion for new trial in the foreclosure suit, failed to bring a bill of review, or to make any other direct attack upon said judgment, within the time provided by law."

In other words, this court fails to join the appellant in finding any fundamental error apparent upon the face of the foreclosure-judgment, but contrarily, is constrained to hold that its given recitals, as against the collateral attack herein made thereon, imported absolute verity to the extent that the pleadings, the citation, and other court papers appertaining thereto, cannot be looked to for any contradiction thereof, and that, in consequence, this controversy ends there; such is the law of Texas, as is made manifest by these authorities: Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Hopkins v. Cain, 105 Tex. 591, 143 S.W. 1145; Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Chapman v. Kellogg, Tex.Com. App., 252 S.W. 151; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; Wixom v. Bowers, Tex.Civ.App., 152 S.W. 2d 896, writ refused for want of merit; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377 et seq.; Treadway v. Eastburn, 57 Tex. 209; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325.

This rule affirming the inviolability of the judgment of the courts in Texas was quite recently and ably restated and reapplied by Chief Justice Monteith for this court in Wixom v. Bowers, Tex.Civ.App., 152 S.W. 2d 896, under citation of many supporting authorities. The Supreme Court of Texas has refused application for writ of error in that cause for want of merit.

It necessarily follows, under these views of the law, that appellant showed no case nor title, hence could not prevail herein, regardless of whether or not there may have in fact been inequalities, defects, or irregularities, in the appellees' several titles and interests in the land involved. See Wixom v. Bowers, Tex.Civ.App., 152 S.W 2d 896, at page 898, paragraph 1, and cited authorities at page 899, column 1.

The judgment of the trial court will be affirmed.

Affirmed.