**CALVERT FIRE INS. CO. v. CARROLL et al.**

No. 6517.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1950.

Smith & Johnson, Thomas W. Hathaway, Tyler, for appellant.

J. O. Duncan, Fulton & Hancock, Hollie G. McClain, all of Gilmer, for appellees.

WILLIAMS, Justice.

This is an appeal from an interlocutory order of the District Court which denied Calvert Fire Insurance Company, appellant here, a temporary injunction to restrain the execution of a judgment theretofore entered in the County Court of Upshur County.

The latter court in cause No. 3496 on its docket, styled W. D. Carroll v. Calvert Fire Insurance Company, rendered and entered a default judgment in favor of Carroll against the insurance company, which judgment, introduced in evidence in the instant cause, on its face, recites: "On this the 18 day of February, A.D. 1949, came on to be heard the above entitled and numbered cause, came the plaintiff in person and by attorney, the defendant though duly cited to appear and answer herein, came not but wholly made default. A jury having been waived, all questions of fact as well as of law were submitted to the court and after hearing the pleading read and the evidence offered, the court is of the opinion and so finds, that the defendant is justly indebted to the plaintiff in the sum of Two Hundred and Eighty-five ($285.00) Dollars and that plaintiff is entitled to recover his debt with interest from date at the rate of six per cent per annum until paid."

After reciting facts found by the court upon which the recovery was allowed, the judgment concludes:

"It is therefore ordered, adjudged and decreed by the court that plaintiff W. D. Carroll do have and recover of and from the Calvert Fire Insurance Company judgment for his debt with interest thereon at the rate of six per cent per annum from this date until paid, together with all costs, for which let execution issue.

"W. A. Lunsford,
"County Judge of Upshur County, Texas."

The judgment roll in cause No. 3496, which was introduced in evidence over the objections of appellees in the instant suit, discloses that the insurance company on

May 20, 1948, timely filed in the County Court under the provisions of Art. 86, T.R.C.P., its plea of privilege to be sued in Smith County, the county of its alleged residence. This plea of privilege was in valid form in all respects. Subject to this plea of privilege the insurance company filed an answer to the merits of the suit.

It appears that the county court on February 18, 1949, the same date the judgment by default was rendered, entered another decree in which the plea of privilege was overruled and dismissed for the reasons stated in the decree which reads:

"Came on to be considered the plea of privilege of the defendant, it appearing to the court that same was filed on 20 day of May, 1948, and that several terms of court passed without the same being urged and that the main cause was continued at the last term of court at the special instance and request of the defendant and that the defendant waived said plea of privilege as well as answered in the main cause.

"It is therefore ordered by the court that said plea should be overruled, and in all things dismissed."

■ Our courts have consistently held that the filing of a plea of privilege establishes the defendant's prima facie right to a transfer of the cause, Galbraith v. Bishop, Tex.Com.App., 287 S.W. 1087; and where no controverting plea is filed by the plaintiff, the trial court is deprived of jurisdiction except for the purpose of transferring the cause. Quarles Co. v. Lee, Tex.Com.App., 58 S.W.2d 77; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154. It is urged by appellant that if the judgment roll in the county court be inspected that it will disclose that no controverting plea to the insurance company's plea of privilege to be sued in Smith County was ever filed by plaintiff in the county court, as required under Rule 86, T.R.C.P. And in the absence of the timely filing of a controverting plea, no valid authority, for want of jurisdiction, then rested in the county court to enter the default judgment here under attack, and that the same is void. Sneed v. Box, Tex.Civ.App., 166 S.W.2d 951; and the authorities collated in support of the text in 43 T.J. (Venue) Sec. 405, cited by appellant in support of above contention relate to a direct attack upon a former decree which had or attempted to dispose of the venue question.

■ But this instant action filed in the District Court to enjoin the execution of the judgment in cause No. 3496, theretofore entered in the County Court, constitutes a collateral attack upon the former judgment. Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092, and authorities there cited; 25 Tex.Jur. (Venue) Secs. 280, 281, 282.

The alleged default judgment under attack contains all jurisdictional recitals and is valid, clear and unambiguous on its face. This being so, the instruments and proceedings which the judgment roll might disclose were inadmissible in this collateral attack to contradict the County Court judgment, or any recital therein. It is stated in 25 Tex.Jur., p. 857, Sec. 330, applicable to this collateral attack upon the County Court judgment:

"A clear and definite recital of jurisdictional findings imports absolute verity, and, according to the weight of authority, is conclusive of the issue of jurisdiction; and no evidence of any kind—not even the remainder of the record—will be received in contradiction thereof, even though such evidence would demonstrate that jurisdiction was not in fact acquired. In other words, a judgment that contains recitals of this character is not void, but merely voidable, and is subject to attack only by means of a direct proceeding instituted for that purpose." See Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865, 870; Empire Gas & Fuel Co. v. Albright, supra, 126 Tex. 485, 87 S.W.2d at page 1096; Bemis v. Bayou Development Co., Tex.Civ. App., 184 S.W.2d 645, 648; Smith v. Walker, Tex.Civ.App., 163 S.W.2d 857, 859. "This rule is based on public policy. Its main purpose is to protect solemn judgments from indefinite suspicion and unwarranted attack." 25 T.J. p. 857; Levy v. Roper, 113 Tex. 356, 256 S.W. 251, 253; Stewart Oil Co. v. Lee, Tex.Civ.App., 173 S.W.2d 791, 794.

The refusal of the District Court in the instant action to enjoin the execution of the County Court judgment is affirmed, without prejudice to the rights of appellant to prosecute in the proper court a direct attack upon the County Court's judgment.

Affirmed.